## M. BEGA V. THE STATE.

### No. 4620.　Decided. October 17, 1917.

**1.—Burglary—Charge of, Court—Requested Charges.**

Where, upon trial of burglary, the evidence did not raise the question that the door to the alleged building was not closed, there was no error in failing to charge thereon as requested.

**2.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of burglary, the evidence showed that the defendant committed the offense with another, the requested charge on circumstantial evidence that it was necessary for the jury to conclude that the defendant alone burglarized the house, etc., was correctly refused.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained a conviction under a proper charge of the court, there was no error.

Appeal from the District Court of Runnels.　Tried below before the Hon. J. O. Woodward.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

There were no exceptions reserved to the charge at the time of or before same was read to the jury.　Two special charges were requested but refused by the court.　If they could be considered, then we find there is nothing presented requiring a reversal by either charge.　The first was to the effect that the court was requested to instruct the jury that if the testimony raised a reasonable doubt as to whether or not the door of the burglarized house was closed at the time of the alleged entry, and they should find defendant did enter the house, they should acquit him.　There is no evidence supporting this charge or requiring it.　Two witnesses who testified, the alleged owner and his wife, state positively that the door was closed and fastened, and was entered during the night and property taken from the house.　There seems to be no evidence suggesting that the door was not closed.　The second charge was to the effect that in order to find a verdict of guilty on circumstantial evidence the jury must believe beyond a reasonable doubt that the defendant and *no other person* committed the offense charged.　The charge is not applicable to the facts, for the testimony shows that there were two parties engaged in the burglary.　Had there been but one party engaged in it there might have been some force in appellant's conten-

tion, but the charge as requested did not properly present that issue. It was not necessary for the jury to conclude that defendant alone burglarized the house when the facts showed there were two. On such state of facts if appellant, in connection with another, committed the burglary, he would be equally guilty; and under the facts the charge requested would be misleading. The evidence, we think, fully justified the finding of the jury.

The judgment is affirmed.

*Affirmed.*